UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

RAKWENA MOLEFE,

                Plaintiff,

    -v-                                     No. 05 Civ. 4676 (LTS)(DFE)

KLM ROYAL DUTCH AIRLINES and
NORTHWEST AIRLINES,

                Defendants.

-------------------------------------------------------x

## MEMORANDUM ORDER AND OPINION ADOPTING REPORT AND RECOMMENDATION

      The above-captioned action arises out of the alleged mistreatment of *pro se* Plaintiff Rakwena Molefe ("Plaintiff") and his baggage by Defendants KLM Royal Dutch Airlines, a Netherlands corporation, and Northwest Airlines, a Minnesota corporation (collectively "Defendants"), during an international flight from Johannesburg to New York City via Amsterdam.  The Court has subject matter jurisdiction over the controversy because it arises under a treaty of the United States, the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45 (2000), 1999 WL 33292734 (2000) ("Montreal Convention").  28 U.S.C.A. § 1331.

      On August 6, 2008,  Magistrate Judge Douglas F. Eaton issued a Report and Recommendation ("Report") recommending that Defendants' Motion for Judgment on the

Pleadings pursuant to Federal Rule of Civil Procedure 12(c) be granted (docket entry no. 32).[1]

Plaintiff timely filed objections to the Report (docket entry no. 33).  Defendants timely filed a

submission that responded to Plaintiff's objections and did not raise any additional objections

(docket entry no. 34).  Plaintiff subsequently filed a reply to Defendants' response (docket entry

no. 35).

When reviewing the Report, the Court "may accept, reject, or modify, in whole or

in part, the findings or recommendations made by the magistrate judge."  28 U.S.C.A. §

636(b)(1)(C) (West 2008).  The Court must make a *de novo* determination to the extent that a

party makes specific objections to a magistrate's findings.  United States v. Male Juvenile, 121

F.3d 34, 38 (2d Cir. 1997).  When a party makes only conclusory or general objections, or simply

reiterates the original arguments, the Court will review the Report strictly for clear error.  See

Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003);

Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382

(W.D.N.Y. 1992).  Similarly, "objections that are merely perfunctory responses argued in an

attempt to engage the district court in a rehashing of the same arguments set forth in the original

[papers] will not suffice to invoke *de novo* review."  Vega v. Artuz, No. 97 Civ. 3775, 2002 WL

31174466, at *1 (S.D.N.Y. Sept. 30, 2002).  Objections to a Report must be specific and clearly

aimed at particular findings in the magistrate judge's proposal.  Camardo, 806 F. Supp. at 381-

---

[1]     Although Defendants characterized their motion as one to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the motion as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) because Defendants had submitted an answer to Plaintiff's complaint (docket entry no. 9) prior to the time they initiated the instant motion (docket entry no. 23).  For the purposes of this Memorandum Opinion and Order, the difference is immaterial, as the Court would apply the same standard of review on either motion.  Shaw v. Rolex Watch U.S.A., Inc., 745 F. Supp. 982, 984 (S.D.N.Y. 1990).

82.

Magistrate Judge Eaton thoroughly analyzed the parties' submissions, the Montreal Convention, and the case law interpreting the Montreal Convention and its predecessor treaty (Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934) ("Warsaw Convention")).  The Report provides an extensive recitation of the procedural history, the facts alleged, and the arguments asserted by the parties, and familiarity with the Report is assumed.  The Court has considered thoroughly the record herein, including the parties' submissions, the Report, and Plaintiff's objections, and has reviewed *de novo* all of Plaintiff's specific objections.

The Report reaches its recommendation to grant Defendant's motion for judgment on the pleadings based upon four conclusions, each one of which is fatal to one of Plaintiff's four claims or sets of related claims.  The four conclusions are as follows: the $200 penalty assessed by Defendants for rescheduling Plaintiff's flight is not actionable because Plaintiff has not alleged that the imposition of the fine breaches the term of any contract between the parties (Report at p. 8); Plaintiff's discrimination claims under federal or state law are precluded as a matter of law, regardless of whether the facts alleged in support of them would be sufficient to survive a motion for judgment on the pleadings, because the Montreal Convention provides the exclusive cause of action for damages arising out of the carriage of passengers and their baggage in international air travel (Report at p. 8); Plaintiff's claim based upon the nine-day delay Plaintiff endured before receiving his baggage is not actionable because the delay suffered was shorter than the 21-day delay necessary to give rise to a claim under Article 17(3) of the Montreal Convention; and Plaintiff's baggage damage claim is precluded by his failure to notify

Defendants of the claim within the time period set by Article 31 of the Montreal Convention.[2]

Plaintiff concedes the correctness of the Report's first conclusion and abandons the claim based upon the $200 penalty, but he objects to the Report's conclusions with respect to his discrimination, baggage delay, and baggage damage claims.  The Court liberally construes Plaintiff's arguments as specific objections to the Report.  The Court, based on a *de novo* review, adopts the Report's conclusions, which are dispositive of all of Plaintiff's claims.

Plaintiff argues that Magistrate Judge Eaton erred by failing to conclude that Defendants' alleged willful conduct constituted an "act or omission . . . done with intent to cause damage," Montreal Convention, art. 22(5), and is therefore actionable under the Montreal Convention.  Article 22(5) reads in its entirety as follows:

> The foregoing provisions of paragraphs 1 and 2 of this Article shall not apply if it is proved that the damage resulted from an act or omission of the carrier, its servants or agents, done with intent to cause damage or recklessly and with knowledge that damage would probably result; provided that, in the case of such act or omission of a servant or agent, it is also proved that such servant or agent was acting within the scope of its employment.

Id.  This provision of the treaty merely precludes carriers from benefitting from the monetary ceilings on liability imposed by paragraphs 1 and 2 of Article 22 if they intentionally or recklessly cause damage.  However, this provision does not independently create a cause of action for damages for any alleged injury borne out of willful or reckless conduct.  Rather, as Magistrate Judge Eaton rightly noted, the Montreal Convention only permits a damages remedy in the event of death, bodily injury, damage to baggage or cargo, or delay; any other injury

---

[2]     Plaintiff claims that he complied with the requirements of Article 31 by sending a facsimile to Defendants.  At best that facsimile complied with Article 31 for the purposes of Plaintiff's delay claim, the dismissal of which is supported by independent grounds. The facsimile was allegedly sent before Plaintiff received his baggage, and therefore it could not have provided notice of his damage claim.

allegedly suffered as a result of a carrier's willful conduct is not actionable.  Montreal

Convention, arts. 17-22; In re Air Crash at Belle Harbor, N.Y. on Nov. 21, 2001, No. 02 Civ.

6746, 2003 WL 21023034, at *2-5 (S.D.N.Y. May 5, 2003).

Plaintiff asserts that, because the boarding pass for the first leg of his trip did not

have his name on it, he did not have a valid contract with Defendants, and therefore he cannot be

bound by the Montreal Convention.  He also asserts that Defendants' failure to properly furnish

him with baggage tags violates the Defendants' obligations under the Montreal Convention and

thereby releases Plaintiff from its terms.  These arguments are foreclosed by Article 3 of the

Montreal Convention.  Article 3(5) provides:

> Non-compliance with the provisions of the foregoing paragraphs shall not affect
> the existence or the validity of the contract of carriage, which shall, nonetheless,
> be subject to the rules of this Convention including those relating to limitation of
> liability.

Montreal Convention, art 3(5).  Whereas Article 3(1) of the Convention imposes upon carriers

the responsibility to provide passengers with certain documentation, including baggage

identification tags, the effect of Article 3(5) is to ensure that passengers and carriers remain

bound by the Montreal Convention *despite* a carrier's technical failure to provide a passenger

with proper documentation.[3]  Accordingly, Plaintiff's objection that he should not be bound by

the Montreal Convention due to the alleged irregularities involved in Defendants' provision of

his boarding pass and baggage tags is contradicted by the text of the Montreal Convention itself.

Plaintiff also asserts in his objections to the Report that he should be not bound by

the Montreal Convention's terms because he "was not familiar with the [Montreal] Convention

---

[3]    Furthermore, Article 3 does not contain any requirement that the passenger's name be
included on his travel document; it only requires that the document state the place of
origin and the flight destination.  Montreal Convention, art. 3(1).

until after initiating research [after the expiration of the Article 31 time limits]."  Pl.'s Aff. in

Objection to Report, ¶ 7.  The Court construes this argument as an equitable request to allow

Plaintiff to pursue his claim despite his failure to abide by the requirements of Article 31, which

provides time limits within which a passenger must notify a carrier in writing to preserve a

complaint for delayed or damaged baggage.  Montreal Convention, art. 31.  Plaintiff raises this

argument for the first time in his objections to the Report.  Plaintiff has not proffered that he did

not receive from Defendants the standard list of terms of conditions when he purchased his

ticket, which, as required by Article 3 of the Montreal Convention, convey the Article 31

requirements.  The pleadings and submissions therefore do not indicate that Defendants failed to

provide Plaintiff with the requisite notice of the terms to which he would be bound and,

furthermore, the Montreal Convention does not provide for equitable variance of its terms.  The

Court therefore rejects Plaintiff's assertion that he should be relieved from Article 31's

requirements.

       The Court has considered all of Plaintiff's other objections and concludes that

none of them warrants rejection of the Report's recommendation that judgment on the pleadings

be granted in Defendants' favor.

## CONCLUSION

       For the foregoing reasons, the Court adopts Magistrate Judge Eaton's Report and

Recommendation and grants Defendants' Motion for Judgment on the Pleadings in its entirety.

Plaintiff's complaint is dismissed with prejudice.  This order resolves docket entry nos. 23 and

27.  The Clerk of Court is respectfully requested to enter judgment in Defendant's favor and

close this case.

SO ORDERED.

Dated:      New York, New York
              March 6, 2009

                                                  LAURA TAYLOR SWAIN
                                        United States District Judge